IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVE KELLEY, an
individual,

        Plaintiff,

v.                                                                   Civil Action No._____

HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY, a corporation,

        Defendant.

## COMPLAINT

### Introductory Allegations

1. Plaintiff, Steve Kelley, is a resident citizen of the State of Alabama.

2. Plaintiff is informed and believes and based on such information and belief alleges that Defendant, Hartford Life and Accident Insurance Company ("Hartford"), is a foreign corporation which at all relevant times has done or transacted business in the Northern District of Alabama.

3. In or about June 2014, Plaintiff was forced to stop working as a result of multiple medical problems including degenerative disc disease, a history of a lumbar fusion and failed back syndrome, and chronic bilateral knee pain. At that time Plaintiff, was employed as a maintenance technician for ZF North America, Inc.  As a result of these conditions, Plaintiff is no longer able to perform his job as a maintenance technician or to do any other work for which he is qualified by reason of his education, training or experience.

4. During said time period, ZF North America, Inc. had in force and effect a welfare

benefit plan which provided long term disability benefits to its employees through a group policy of insurance with Hartford. Hartford was the claims administrator for said Plan. Mr. Kelley made a claim under the Plan in accordance with the terms of that Plan, and his claim benefits initially were awarded. Subsequently, his benefits under said Plan were terminated when the definition of disability under the policy changed from the inability to perform his "own occupation" to the inability to perform "any occupation." Plaintiff appealed that termination in accordance with the Employee Retirement Income Security Act ("ERISA"), and Plaintiff's benefits were reinstated. Plaintiff continued to receive benefits under the "any occupation" definition of disability through April 9, 2020, when his benefits were again terminated. Because Plaintiff's claims herein involve a claim for welfare benefits provided by his employer, his claims are governed by ERISA.

## COUNT I

### For Denial of Disability Benefits

5. Plaintiff adopts and incorporates by this reference paragraphs 1 through 4, inclusive, of this Complaint.

6. In or about June 2014, Plaintiff became disabled within the meaning of the terms of said Plan, thereby qualifying him for the payment of benefits under that Plan. Plaintiff has remained disabled under the terms of said Plan since that time.

7. Plaintiff complied with all terms of said Plan as a condition precedent to bringing this suit, including exhausting all of his administrative remedies.

8. Defendant's denial of Plaintiff's benefits under said Plan was wrong, constituted a breach of Defendant's obligations under the agreement, was a violation of the ERISA, and/or was arbitrary and/or capricious. As a direct and proximate consequence of Defendant's wrongful

conduct, Plaintiff suffered injuries and damages, including, but not limited to the following:

    (a)    loss of monetary benefits as set forth within the Plan.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages and/or equitable relief in an amount to be determined by the Court, plus pre-judgment and post-judgment interest, costs of this suit, and a reasonable attorney's fee.

    *John M. Pennington*
    John M. Pennington, Attorney
    Counsel for Plaintiff
    1023 Edenton Street
    Birmingham, Alabama 35242
    (205) 314-5735
    Ala. Bar No. ASB-6905-N52J

<u>Serve Defendants Certified Mail</u>
<u>Return Receipt Requested at</u>:

Hartford Life and Accident
Insurance Company
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104